Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiff
Kara Hardman



FILED
JAN 15 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| KARA HARDMAN, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br>v.<br><br>TRI-FINANCIAL, LLC,<br><br>Defendant. | Case Number: '09 CV 0081 IEG AJB<br><br>Class Action<br>Complaint For Damages And Injunctive Relief Pursuant to 47 U.S.C. § 227 *et seq.* (Telephone Consumer Protection Act)<br><br>**Jury Trial Demanded** |
|---|---|

## INTRODUCTION

1. Kara Hardman ("Plaintiff") brings this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of Tri-Financial, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.



Class Action Complaint        - 1 of 9 -

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present and this Court has jurisdiction.

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

4. Defendant is a debt collector that conducts business in San Diego County and is subject to personal jurisdiction in San Diego County. Consequently, Defendant resides in this judicial district pursuant to 28 U.S.C. § 1391 (c).

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Limited Liability Company operating from the City of North Tonawanda, the County of Niagara, and the State of New York. Defendant does business in the State of California as well as the County of San Diego.

## FACTUAL ALLEGATIONS

7. At all times relevant, Plaintiff was an individual residing within the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendant is, and at all times mentioned was a "person," as defined by 47 U.S.C. § 153 (10).

9. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California and in the County of San Diego.

10. Plaintiff is informed and believes, and thereon alleges, that on multiple occasions over numerous days, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, Defendant contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

11. Plaintiff is informed and believes, and thereon alleges, that during these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

12. Plaintiff is informed and believes, and thereon alleges, that the telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

13. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

14. Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not provide express consent to receive calls on Plaintiff's cellular telephone, pursuant 47 U.S.C. § 227 (b)(1)(A).

15. These telephone calls by Defendant to Plaintiff were in violation of 47 U.S.C. § 227 (b)(1).

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("The Class and Subclass One").

17. Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States who received any telephone call from Defendant to

said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint.

18. Plaintiff also represents, and is a member of, Subclass One, consisting of all persons within the United States who received any telephone call from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, and such Subclass member had not provided his or her cellular telephone number to Defendant's assignor(s) – the original creditor(s) for whom Defendant was attempting to collect a debt with the cellular telephone call – in any application for services or credit, within the four years prior to the filing of this Complaint.

19. Defendant and Defendant's employees and agents are excluded from The Class and Subclass One. Plaintiff does not know the number of members in The Class and Subclass One, but believes members of The Class and Subclass One number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

20. Plaintiff and members of The Class and Subclass One were harmed and damaged by the acts of Defendant in at least the following ways:

- Defendant illegally contacted Plaintiff and members of The Class and Subclass One, via their cellular telephones, thereby causing Plaintiff and members of The Class and Subclass One to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and members of the Class and Subclass One previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and members of the Class and Subclass One.

21. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of members of The Class and Subclass One, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class and Subclass One definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

22. The joinder of the The Class and Subclass One members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. Members of The Class and Subclass One can be identified through Defendant's records.

23. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class and Subclass predominate over questions which may affect individual Class and Subclass members, including the following:

- Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

- Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Subclass One member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service and such Subclass One member had not provided their cellular telephone number to Defendant's assignor(s), the original creditor(s) for whom Defendant was attempting to collect

a debt with the cellular telephone call, in any application for services or credit.

- Whether Plaintiff, and members of The Class and Subclass One were damaged, and the extent of damages for such violations; and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

24. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express prior consent, and as a person that has never provided her cellular telephone number to Defendant's assignee(s) of the debt for which Defendant was attempting to collect, in any application for credit or services, Plaintiff is asserting claims that are typical of members of The Class and Subclass One. Plaintiff will fairly and adequately represent and protect the interests of the members of The Class and Subclass One in that Plaintiff has no interests antagonistic to any member of The Class and Subclass One.

25. Plaintiff and the members of The Class and Subclass One have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, members of The Class and Subclass One will continue to face the potential for irreparable harm. These violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class and Subclass member's claims, few, if any, members of The Class and Subclass One could afford to seek legal redress for the wrongs complained of herein.

26. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

27. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interests of class members in

individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

28. Defendant has acted on grounds generally applicable to The Class and Subclass One, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class and Subclass One as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *ET SEQ.*

## BY PLAINTIFF AGAINST DEFENDANT

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

31. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and members of The Class and Subclass One are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Plaintiff and members of The Class and Subclass One are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *ET SEQ.*

### BY PLAINTIFF AGAINST DEFENDANT

33. Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of The Class and Subclass One are entitled to up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff and members of The Class and Subclass One are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court grant Plaintiff and members of The Class and Subclass One the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each member of The Class and Subclass One, $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each member of The Class and

Subclass One, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

## TRIAL BY JURY

37. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 1/9/09

Hyde & Swigart

By: _____
Joshua B. Swigart
Attorneys for the Plaintiff

# CIVIL COVER SHEET

%JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED** JAN 15 2009 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY KNK DEPUTY

## I. (a) PLAINTIFFS
Kara Hardman, on Behalf of Herself And All Others Similarly Situated

**DEFENDANTS**
Tri-Financial, LLC

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Niagara
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known): '09 CV 0081 IEG AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332 (d)(2)   28: 1331 ycr

Brief description of cause: TCPA

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE                    DOCKET NUMBER

DATE: 1/12/09    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 159051   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

SAC 1/16/09





```
            UNITED STATES
           DISTRICT COURT
         SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

         # 159051      - TC

          January 16, 2009
             09:30:59


            Civ Fil Non-Pris
    USAO #.: 09CV0081
    Judge..: IRMA E GONZALEZ
    Amount.:              $350.00 CK
    Check#.: 2805



         Total-> $350.00


    FROM: HARDMAN
          VS
          TRI FINANCIAL
```