# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARA HARDMAN, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>TRI-FINANCIAL, LLC,<br><br>　　　　　　　　　　　　　　　Defendant. | CASE NO. 09-CV-0081 - IEG (AJB)<br><br>ORDER GRANTING PLAINTIFF'S UNILATERAL MOTION FOR DISMISSAL OF CLASS CLAIMS WITHOUT PREJUDICE<br><br>[Doc. No. 8] |

Currently before the Court is Plaintiff's Unilateral Motion for Dismissal of Class Claims Without Prejudice. [Doc. No. 8]. For the reasons set forth below, the Court GRANTS the motion and DISMISSES WITHOUT PREJUDICE the class claims in this action.

## BACKGROUND

Plaintiff brought this case as a class action, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 et seq. [Doc. No. 1]. Summons were issued on January 15, 2009, and were returned executed on February 9, 2009. [Doc. Nos. 2, 3]. The Proof of Service indicates that Defendant was served on January 27, 2009, with the answer due on February 17, 2009. [Doc. No. 3]. On November 25, 2009, Plaintiff filed a Request for Entry of Clerk Default against Defendant, seeking an entry of default on behalf of herself and all others similarly situated due to the fact that Defendant has failed to respond to the complaint within 20 days. [Doc. No. 5]. On November 30, 2009, the Clerk of Court entered a default as to Defendant. [Doc. No. 6].

Currently before the Court is Plaintiff's Unilateral Motion for Dismissal of Class Claims Without Prejudice. [Doc. No. 8]. In her motion, Plaintiff moves to dismiss the class claims against Defendant because: (1) "class certification in this action is nearly impossible due to Defendant's unresponsiveness," and (2) Plaintiff "no longer desires to be the class representative in the instant action." (Pl. Motion, at 2.) Having initially reviewed Plaintiff's motion, the Court requested Plaintiff to provide a proposed notice to the class or to make a showing why such notice was not necessary. [Doc. No. 9]. Plaintiff filed a response to the Court's Order as requested, arguing that class notice is not necessary because there is no prejudice to the putative class members. [Doc. No. 10].

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Although Rule 23(e) expressly refers only to a "certified class," before Rule 23(e) was amended in 2003, the Ninth Circuit has held that the Rule also applied to pre-certification dismissals and compromises. See Diaz v. Trust Territory of the Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989). In Diaz, the court indicated that pre-certification approval was required to ensure that any dismissal or compromise "is not collusive or prejudicial." Id. Thus, according to the Ninth Circuit:

> the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

Id. The Ninth Circuit concluded that, at least in some circumstances, class notice of a pre-certification voluntary dismissal might be appropriate.[1] Id. "Notice to the class of pre-certification dismissal is not, however, required in all circumstances." Id.

**I.  Prejudice due to possible reliance by putative class members**

In the present case, the putative class members are unlikely to suffer any prejudice due to

---

[1] A number of district courts have applied the holding of Diaz to post-2003 pre-certification voluntary dismissals of class action claims. See, e.g., Ramirez v. Cintas Corp., No. C 04-00281 JSW, 2007 WL 4410414, at **1-2 (N.D. Cal. Dec. 14, 2007); Mansourian v. Bd. of Regents, No. CIV. S-03-2591 FCD EFB, 2007 WL 1722975, at *1 (E.D. Cal. June 12, 2007); Castro v. Zenith Acquisition Corp., No. C 06-04163 SI, 2007 WL 81905, at **1-2 (N.D. Cal. Jan. 09, 2007).

1  reliance on this class action. As Plaintiff's counsel indicates, it is not likely that this case has received
2  any press coverage or notoriety since it was filed. (See Swigart Decl. ¶ 4.) There is also little reason
3  to believe that other individuals who received autodialed or prerecorded calls by Defendant are even
4  aware of this litigation. (See id.) Accordingly, it is very unlikely that any of the putative class
5  members have refrained from filing their own suits because of reliance on the present action.

**II.     Prejudice due to lack of adequate time to file other actions**

Likewise, the putative class members are unlikely to suffer any prejudice due to lack of adequate time to file their own actions once the class claims in this case are dismissed. First, there will be no procedural bar to filing separate claims because the dismissal of class claims in the present action will be without prejudice. (See Pl. Motion, at 2.) Second, any putative class member wishing to file his or her own action will have the benefit of a four-year statute of limitations. See 28 U.S.C. § 1658. Moreover, because a filing of an alleged class action tolls the statute of limitations for all individual claims covered by the class action during the pendency of the suit, see Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1975), the putative class members will be in the exact same position upon dismissal of the class claims as when the suit was initially filed.

**III.    Prejudice due to any settlement or concession made by the class representative**

Finally, the Court finds no prejudice to putative class members from the conduct of the class representative. As already noted, the dismissal of class claims in the present action will be without prejudice. Moreover, because Defendant never responded, there has been no settlement of the class claims by the class representative and, accordingly, no concessions made. (See Swigart Decl. ¶ 6.)

## CONCLUSION

For the foregoing reasons, voluntary dismissal of class claims at this early stage of the proceedings will not result in any prejudice to the putative class members. Accordingly, the Court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** the class claims in this action.

**IT IS SO ORDERED.**

**DATED:  February 3, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**